UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRIME PROPERTY & CASUALTY
INSURANCE, INC.,

    Plaintiff,

v.

O MENDOZA TRUCKING, INC.              Case No.  8:22-cv-1094-TPB-AEP
AMIRALI I. BHANWADIA, JASON'S
HAULING, INC.,

    Defendants.
_____/

O MENDOZA TRUCKING, INC.

    Counter-Claimant,

v.

PRIME PROPERTY & CASUALTY
INSURANCE, INC.,

    Counter-Defendant.
_____/

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on "Defendants' Motion for Summary Judgment" (Doc. 46), filed on September 26, 2022, "Plaintiff/Counter-Defendant's Motion for Summary Judgment and Memorandum of Law" (Doc. 47), filed on October 7, 2022, and "Defendant, Amirali I. Bhandwadia's Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 48), filed on October 11,

2022.  Upon review of the motions, the court file, and the record, the Court finds as follows:

## Background

Plaintiff Prime Property & Casualty Insurance, Inc., provided Defendant Jason's Hauling, Inc., with a commercial auto insurance policy, effective October 6, 2017 through October 6, 2018 (the "Policy").  Prime alleges that Defendant O Mendoza Trucking, Inc., provided a vehicle to Jason's Hauling, which was driven by Hector Betancourt when it was purportedly involved in a car accident with Defendant Amirali Bhanwadia on July 25, 2018.  Bhanwadia filed suit for personal injuries in circuit court in Hillsborough County against Jason's Hauling, O Mendoza, and Betancourt.  Prime undertook to defend Jason's Hauling and Betancourt in that litigation.  Prime also undertook a defense of O Mendoza, but contends it did so as a courtesy and under a reservation of rights, taking the position that O Mendoza is neither an insured nor an additional insured under the Policy.

During the state court litigation, Bhanwadia extended a $625,000 proposal for settlement to O Mendoza, which Prime rejected pursuant to Policy provisions giving Prime discretion and control over whether to settle lawsuits.  The case went to trial, and the jury awarded Bhanwadia $808,683.82 in damages.  The state court determined that the award triggered attorney's fees and costs under Florida's offer of judgment statute because Prime had unreasonably rejected Bhanwadia's settlement offer.

Prime paid the damages judgment but not the attorney's fees award. Prime then filed the instant action against O Mendoza, Bhanwadia, and Jason's Hauling, seeking a declaration that the Policy does not cover the award of fees assessed against O Mendoza by the state court under the offer of judgment statute. O Mendoza filed a counterclaim against Prime for breach of contract, bad faith, negligence, and indemnity. After discussing various case management issues with the parties, and with their agreement, the Court directed the parties to file cross-motions for summary judgment addressing whether the Policy covers liability for attorney's fees arising from the unaccepted offer of judgment.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true, and all reasonable

inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975)).

"[S]ummary judgment is appropriate in declaratory judgment actions seeking a declaration of coverage when the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law." *Joynt v. Star Ins. Co.*, 314 F. Supp. 3d 1233, 1237 (M.D. Fla. 2018) (quoting *Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co.*, 541 F. Supp. 2d 1295, 1297 (M.D. Fla. 2008)). It is well-settled that "the interpretation of an insurance policy is a question of law to be decided by the Court." *Desai v. Navigators Ins. Co.*, 400 F. Supp. 3d 1280, 1288 (M.D. Fla. 2019) (quoting *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 143 F. Supp. 3d 1283, 1292 (S.D. Fla. 2015)); *see also Chestnut Associates, Inc. v. Assurance Co. of Am.*, 17 F. Supp. 3d 1203, 1209 (M.D.

Fla. 2014); *Szczeklik v. Markel Int'l Ins. Co.*, 942 F. Supp. 2d 1254, 1259 (M.D. Fla. 2013).

## Analysis

When reviewing an insurance policy, the contract should be "construed according to the plain language of the policy," and any ambiguities must be "construed against the insurer and in favor of coverage." *Desai*, 400 F. Supp. 3d at 1288 (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)). The determination as to whether a contract provision is ambiguous is a question of law for the court. *Strama v. Union Fid. Life Ins. Co.*, 793 So. 2d 1129, 1132 (Fla. 5th DCA 2001). An ambiguity exists only where the relevant policy language is susceptible of more than one reasonable interpretation, after applying the ordinary rules of construction. *See, e.g., Travelers Prop. Cas. Co. of Am. v. Salt 'N Blue LLC*, 731 F. App'x 920, 923-25 (11th Cir. 2018) (citing *Taurus Holdings*, 913 So. 2d at 532).

The issue presented by the parties' cross-motions for summary judgment is whether the Policy excludes from coverage the attorney's fees assessed by the state court against O Mendoza. In relevant part, the Policy provides as follows:

> **2. Coverage Extensions**
>
> **a. Supplementary Payments**
>
> We will pay for the "insured":
> …
> (4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

> (5) All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

There is no dispute that the attorney's fees assessed against O Mendoza based on the unaccepted offer of judgment would be covered as "reasonable expenses incurred . . . at our request" under subparagraph (4) unless they are excluded by subparagraph (5). *See GEICO v. Macedo*, 228 So. 3d 1111, 1113-15 (Fla. 2017) (holding that "Additional Payments" provision covering "[a]ll reasonable costs incurred by an insured at our request" covered fees awarded against insured under offer of judgment statute); *New Hampshire Indem. Co. v. Gray*, 177 So. 3d 56, 61-64 (Fla. 1st DCA 2015) (same holding as to provision for "[o]ther reasonable expenses incurred at *our* request"). Prime argues that subparagraph (5)'s exclusion of attorney's fees or attorney's expenses taxed against the insured unambiguously excludes the fees assessed against O Mendoza. O Mendoza and Bhanwadia argue it does not. After careful review, the Court agrees with O Mendoza and Bhanwadia.

The provision for "Supplementary Payments" contains six different coverage provisions, broken out in separate, numbered subparagraphs that describe the coverages extended and any limitations of or exclusions from coverage. Subparagraphs (4) and (5) address different coverages. Subparagraph (4) discusses "reasonable expenses" that the insured incurs at the insurer's request, while subparagraph (5) discusses "court costs" taxed against the insured, without regard to whether they were incurred at the insurer's request. Subparagraph (5) excludes attorney's fees from "these payments," which in context plainly refers only to the

court costs covered under that subparagraph. Nothing in the subparagraph suggests a broader exclusion of fees that would also apply to coverage provided under subparagraph (4) or the Policy as a whole.

The structure of the "Supplementary Payments" provision as a whole further supports limiting the exclusion of fees to coverage under subparagraph (5). Subparagraphs (2), (3), and (6) each provide coverage and set forth limitations that apply only to those coverages. If the exclusion of attorney's fees in subparagraph 5 were meant to limit subparagraph (4)'s coverage, it would have appeared as part of subparagraph (4).

In short, the exclusion for attorney's fees in subparagraph (5) unambiguously applies only to the coverage provided under that subparagraph. It does not apply to the coverage provided under subparagraph (4) for reasonable expenses incurred at the insurer's request, and those "reasonable expenses" include the attorney's fees awarded by the state court. To the extent Prime has a reasonable argument to the contrary, the provision would be ambiguous and therefore construed against Prime and in favor of coverage.

## Conclusion

Insurance contracts are to be read in a common-sense and natural manner. *See Travelers Indem. Co. of Conn. v. Richard McKenzie & Sons, Inc.*, 10 F.4th 1255, 1264 (11th Cir. 2021). As discussed, the natural reading of the Policy mandates coverage for the attorney's fees assessed against O Mendoza. This conclusion also makes sense. Where an insurer has assumed control over decisions regarding

settlement of claims against the insured, the insurer should pay for the consequences of those decisions. *See Gray*, 177 So. 3d at 64.

Accordingly, Prime's motion for summary judgment is denied, and O Mendoza's and Bhanwadia's motions for summary judgment are granted to the extent set forth above. This Order does not address other matters raised by the pleadings, such as any other coverage defenses Prime may have or O Mendoza's counterclaims, which remain for determination.

Accordingly, it is

**ORDERED**, **ADJUDGED, and DECREED**:

1. "Defendant's Motion for Summary Judgment" (Doc. 46) is **GRANTED** to the extent set forth herein.

2. "Plaintiff/Counter-Defendant's Motion for Summary Judgment and Memorandum of Law" (Doc. 47) is **DENIED**.

3. "Defendant, Amirali I. Bhandwadia's Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 48) is **GRANTED** to the extent set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22d day of February, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**